**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED F. WAKELEY, | No. 19-70399 |
| Petitioner, | BRB No. 18-0238 |
| v. | |
| KNUTSON TOWBOAT COMPANY; et al., | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted September 3, 2020
Seattle, Washington

Before: TASHIMA, BYBEE, and COLLINS, Circuit Judges.

Alfred Wakeley petitions for review of a Benefits Review Board (BRB)

decision upholding an administrative law judge (ALJ) decision awarding Wakeley

attorney's fees and costs under the Longshore and Harbor Workers' Compensation

Act (LHWCA), 33 U.S.C. §§ 901–50. We review the BRB decision "for errors of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

law and adherence to the substantial evidence standard." *Port of Portland v. Dir., OWCP*, 932 F.2d 836, 838 (9th Cir. 1991). We grant the petition for review and remand to the BRB for further proceedings. We also order the BRB to reassign this matter to a different ALJ on remand.

1. Substantial evidence does not support the ALJ's determination of the hourly rate for Wakeley's attorney, Charles Robinowitz. We grant the petition for review on this ground and remand for further proceedings consistent with this disposition. On remand, the BRB should take into consideration updated evidence of hourly rates in the Portland community, including the 2017 update to the Oregon State Bar (OSB) Economic Survey, in determining Robinowitz's hourly rate.

a. First, the ALJ erred in finding that Robinowitz failed to satisfy his burden of producing evidence establishing the reasonableness of his requested hourly rate. To establish the reasonableness of fees sought, the fee applicant has the initial burden of production, including "proof of market rates in the relevant community." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (citation omitted). In support of his requested hourly rate, Robinowitz submitted his own declaration, the affidavit of an experienced practitioner, a 2014 survey of commercial litigation rates, a 2009 survey of small

2

law firm rates, excerpts of the 2012 OSB survey, and attorney fee orders from the BRB and the Ninth Circuit Appellate Commissioner awarding him similar rates in other cases. Substantial evidence does not support the ALJ's conclusion that Robinowitz did not meet his initial burden of production. *See Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1077 (9th Cir. 2021).

b. Second, the ALJ erred by rejecting Robinowitz's evidence of prevailing market rates as outdated. Although fee awards should be based on current market conditions, historical evidence is relevant to determining current market conditions, particularly when it is the only evidence available. *See id.* at 1077–78 (citing *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1055 (9th Cir. 2009)). Substantial evidence does not support the ALJ's rejection of the 2009 small firm survey as outdated, particularly given the ALJ's adjustment of 2011 rates to reach the 2017 proxy market rate. *See id.*

c. Third, the ALJ erred by rejecting Robinowitz's proffered evidence of commercial litigation rates. In determining the appropriate rate, the ALJ was required to look to rates charged for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The ALJ's reasoning that commercial litigation is not similar to LHWCA work is unpersuasive because the ALJ appears to have conflated

3

commercial litigation with complex litigation and has failed to provide a rational basis for distinguishing commercial litigation while using plaintiff civil litigation and general practice as comparators. *See Seachris*, 994 F.3d at 1079.

d.      Fourth, the ALJ erred in rejecting Robinowitz's evidence from the 2012 OSB survey. The ALJ rejected Robinowitz's proffered portions of the survey reporting rates charged by years of experience without much explanation except a citation to the attorney fee order in *Seachris* and instead relied on the portions of the survey reporting rates by practice area. The ALJ provided no reasoned basis for rejecting this evidence, and years of experience is a relevant factor in determining a proxy market rate. *See id.* at 1080 (citing *Shirrod v. Dir., OWCP*, 809 F.3d 1082, 1089 (9th Cir. 2015)). The ALJ's reliance on her prior attorney fee order in *Seachris* in place of a reasoned analysis was improper. *See Christensen*, 557 F.3d at 1054 (holding that ALJs may not rely solely on attorney fee awards in other LHWCA cases).

e.      Fifth, the ALJ's decision to place Robinowitz in the 75th percentile must be vacated. Although the ALJ could reasonably have placed Robinowitz in either the 75th percentile or 95th percentile, in deciding to place Robinowitz in the 75th percentile here, the ALJ relied on her placement in *Seachris*, a determination that we found was influenced by improper considerations. *See Seachris*, 994 F.3d

4

at 1080–81. As in *Seachris*, a remand is necessary to determine the proper percentile ranking.

f.	Finally, the ALJ erred in including the "general" practice area in the proxy market rate calculation. There is ample evidence in the record that Robinowitz is a specialist rather than a generalist, and the ALJ provided no reasoned basis for including general practice while excluding commercial litigation. *See id.* at 1082. The record does not support the ALJ's inclusion of the general practice category.

2.	The ALJ erred in determining the hourly rate for Robinowitz's paralegal. In awarding an hourly rate of $150, the ALJ's exclusive reliance on the rate awarded in *Seachris* and rates awarded by ALJs in other LHWCA cases was improper. *See Christensen*, 557 F.3d at 1054. Robinowitz's evidence—his own affidavit, the 2014 commercial litigation rate survey, and the 2014 attorney fee order in *Petitt v. Sause Brothers*, No. 12-70740 (9th Cir. App. Comm'r Sept. 24, 2014)—establishes his requested rate of $165. We grant the petition for review on this ground. On remand, the BRB shall award Robinowitz's paralegal an hourly rate of $165.

3.	The ALJ and BRB erred in denying Robinowitz an award of interest on costs as a delay enhancement. Both the ALJ and BRB found that Robinowitz

5

failed to establish that the LHWCA permits interest on costs because he failed to provide cases supporting such an award, but the Supreme Court has made clear that such interest is not categorically unavailable in fee-shifting cases. *See Seachris*, 994 F.3d at 1084 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555 (2010)). The ALJ's alternative holding that adjusting his attorney fee rate to the 2017 market rate adequately compensated Robinowitz for the delay in payment fails to account for the distinct delay in payment on costs. We grant the petition for review on this ground, and on remand the BRB shall determine whether an award of interest on costs is appropriate given the delay in payment on services performed between 2007 and 2017.

4. Finally, we *sua sponte* direct that the BRB assign this matter to a different ALJ on remand. The ALJ relied heavily on her prior attorney fee order in *Seachris*—a decision that raised concerns about the impartiality and fairness of the proceedings. 994 F.3d at 1084. Such reliance on a prior fee award suggests that this case did not receive the independent evaluation required by *Christensen*. *See* 557 F.3d at 1054. Because the ALJ's tone, manner of evaluation, and reliance on *Seachris* do not give us confidence that Robinowitz received a fresh evaluation in this case, consideration by a new ALJ is warranted.

**PETITION GRANTED AND REMANDED.**